SELYA, Circuit Judge
(dissenting).
In this ERISA case, the plaintiff seeks attorneys’ fees and costs totaling more than $262,000. The majority gives its imprimatur to an award under 29 U.S.C. § 1132(g)(1) despite the fact that the plaintiff has achieved nothing more than a purely procedural victory. This trouvaille rests on what I believe to be an erroneous conclusion: that the plaintiff has achieved some success on the merits sufficient to warrant a fee award under Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242, 255, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010). As a result, the rule of law for which the majority opinion will be cited is neither allowed nor adumbrated under Supreme Court precedent. I respectfully dissent.
The majority’s first mistake is its conclusion that it need not answer the question left open by the Hardt Court: “whether a remand order, without more, constitutes some success on the merits.” Id. at 256, 130 S.Ct. 2149 (internal quotation marks omitted). To justify this conclusion, the majority insists that our favorable decision on the standard of review bespeaks some merits success. See ante at 79-80. This insistence is misguided.
Conventional wisdom teaches that a picture is sometimes worth a thousand words. Here, a hypothetical serves the same purpose. Suppose the panel had agreed with the plaintiff that the standard of review should be de novo but, applying that standard, had upheld the plan administrator’s decision in its entirety and denied the plaintiff relief. In such a situation, it would be transparently clear that the plaintiff had not achieved anything resembling success on the merits. Winning the battle over the standard of review would be at most a purely procedural victory— and the Supreme Court has instructed that purely procedural victories do not count as merits success. See Hardt, 560 U.S. at 255, 130 S.Ct. 2149 (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 n. 9, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983)).
It defies logic to say that leaving open the ultimate fate of the plaintiffs claim, see Gross v. Sun Life Assur. Co., 734 F.3d 1, 28 (1st Cir.2013), somehow transmogrifies *87 this procedural victory into a merits victory. Surviving to fight another day is not the same as winning the war (or even the same as winning a significant battle).
This analysis does not end the matter but, rather, tees up the real question that the plaintiffs motion poses: “whether a remand order, without more, constitutes some success on the merits.” Hardt, 560 U.S. at 256, 130 S.Ct. 2149 (internal quotation marks omitted). The majority professes to avoid this question, but it strongly suggests an affirmative answer. See ante at 78 (deeming “persuasive” cases holding that a remand alone is sufficient under Hardt). Beyond this generality, it asserts that the remand here may justify a fee award because it reflects “a finding that the administrative assessment of the [plaintiffs] claim was in some way deficient” and provides a “renewed opportunity to obtain benefits or compensation.” Ante at 78. Relatedly, the majority asserts that the remand embodies our judgment that the plaintiffs claim was “sufficiently meritorious” to demand reevaluation. Ante at 78.
I find these assertions unconvincing. The plaintiff brought this action “to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, [and] to clarify [her] rights to future benefits under the terms of the plan.” 29 U.S.C. § 1132(a)(1)(B); see Gross, 734 F.3d at 5. It follows that the merits issue in this case is whether the plaintiff is entitled to benefits (and, if so, to what extent). As long as the plaintiff secures some benefits as a result of litigation, she will be eligible for a fee award. Cf. Ruckelshaus, 463 U.S. at 688, 103 S.Ct. 3274 (holding that Congress’s omission of a prevailing party requirement in 42 U.S.C. § 7607(f) “was meant to expand the class of parties eligible for fee awards from prevailing parties to partially prevailing parties” (emphasis in original)). At this point, however, the benefits claim is entirely up in the air. We simply do not know whether her claim will prove to be successful in whole, in part, or not at all.
If a claimant in such a case fails to secure any benefits, it becomes more difficult — although not impossible — to say that she has achieved some success on the merits. There may be cases in which a finding of administrative deficiency, untethered to an eventual award of benefits, can constitute success on the merits in the context of a benefits claim. But in my judgment that category of cases is limited to cases in which the claimant has vindicated a substantial right accorded to her under ERISA (say, by showing either that the defendant violated some procedural entitlement accorded by ERISA or that the defendant’s decision was so arbitrary that it abridged the claimant’s right under ERISA to a full and fair review).[11] See, e.g., McKay v. Reliance Standard Life Ins. Co., 428 Fed.Appx. 537, 546-47 (6th Cir.2011) (affirming fee award when defendant’s conduct was “arbitrary and capricious”); Barnes v. AT & T Pension Benefit Plan-Nonbargained Program, 963 F.Supp.2d 950, 961-63, 966 (N.D.Cal.2013) (finding fee eligibility because defendant violated ERISA notice requirements and *88 because claimant’s suit was a catalyst for a beneficial change in the defendant’s plan interpretation); McCarthy v. Commerce Grp., Inc., 831 F.Supp.2d 459, 489, 493 (D.Mass.2011) (awarding fees when defendant failed “to provide even the bare-bones of ERISA’s core procedural protections”); Olds v. Ret. Plan of Int’l Paper Co., No. 09-0192, 2011 WL 2160264, at *1 (S.D.Ala. June 1, 2011) (awarding fees in response to “gross violation” of regulations implementing ERISA’s “full and fair review” requirement). Here, however, no such vindication has taken place; in our merits opinion, we found neither that Sun Life committed a specific ERISA violation nor that its benefits determination was arbitrary. Instead, we found only that the record was not sufficiently developed for us to “determine whether Sun Life justifiably rejected Gross’s disability claim.” Gross, 734 F.3d at 28.
The majority’s emphasis on “the plaintiffs renewed opportunity to obtain benefits,” ante at 78, is likewise inadequate to bear the weight of a fee award. In the circumstances of this case, a second bite at the apple would constitute a “meaningful benefit for the [plaintiff],” Gastronomical Workers Union Local 610 & Metro. Hotel Ass’n Pension Fund v. Dorado Beach Hotel Corp., 617 F.3d 54, 66 (1st Cir.2010), only if and when it produced a favorable (or partially favorable) resolution of the benefits claim. If the claim is eventually rejected in toto, the plaintiffs second chance to make the case will have proven worthless.
The majority’s thesis is not advanced by its curious suggestion that the remand reflects our judgment that the plaintiffs claim was “sufficiently meritorious” as to require reevaluation. Ante at 78. This strikes me as nothing more than a convoluted way of saying that a remand, without more, is sufficient to trigger an entitlement to a fee award under 29 U.S.C. § 1132(g)(1). The plaintiffs claim is either meritorious or it is not; and as the majority concedes, our merits opinion “expressly refrained from expressing any view on the ultimate merits of [the plaintiffs] claim.” Ante at 79. Whether the plaintiffs claim is sufficiently meritorious to warrant relief remains an “open question.” Gross, 734 F.3d at 27.
This brings us back to the pivotal question (the question that the majority says it need not answer): does a remand, without more, comprise some success on the merits sufficient to ground a fee award under 29 U.S.C. § 1132(g)(1)? This question, left open by Hardt, demands a nuanced answer. In some situations, a remand order alone may be enough to render a claimant eligible for fees. Those are situations in which the remand follows a finding that the plan administrator violated a substantial right accorded to the claimant under ERISA. In this case, however, there has been no such finding. Thus, all we have here is a remand alone — and a remand alone is not enough to pave the way for a fee award under 29 U.S.C. § 1132(g)(1).
I do not gainsay the majority’s lament that “a remand for a second look at the merits ... is often the best outcome that a claimant can reasonably hope to achieve from the courts.” Ante at 78. Nor do I propose that an ERISA claimant always must secure a judgment for benefits in order to qualify for fees. But if a court’s order does not produce some concrete gain for the claimant, such as an award of benefits or a direct vindication of some substantial ERISA right, the claimant cannot be said to have achieved some success on the merits.
Here, the plaintiff has not yet secured (and, indeed, may never secure) some success on the merits. She is, therefore, not yet entitled to an award of fees under 29 *89 U.S.C. § 1132(g)(1). Put another way, a fee award at this juncture would be at best premature and at worst gratuitous. Consequently, the plaintiffs motion for fees should be denied without prejudice.[12]
Because the majority mistakenly treats the plaintiffs purely procedural victory as a badge of success sufficient to justify a fee award, I am constrained to dissent.

. In Buffonge v. Prudential Insurance Co., 426 F.3d 20 (1st Cir.2005), we explained that the requirement that a plan must “afford a reasonable opportunity ... for a full and fair review” of a claim denial should be understood to protect a claimant from "arbitrary or unprincipled decisionmaking.” Id. at 30 (emphasis omitted) (discussing 29 U.S.C. § 1133(2)). Understood in this manner, the "full and fair review” requirement affords claimants some “substantive” protection, id., in addition to the procedural protections provided by 29 C.F.R. § 2560.503-1 (h). In our merits opinion in this case, we found no violation of either the provision’s substantive or procedural components.

. I find puzzling one portion of the majority opinion, added in an attempt to respond to this dissent. See ante at 80-81. In order to dispel any doubt, let me state unequivocally that I disagree with the majority's expressed thinking as to whether a remand alone may justify a fee award.